**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-CV-81608-ROSENBERG/REINHART**

OCEAN COMMUNICATIONS, INC.,

    Plaintiff,

v.

THE JEWELRY CHANNEL, INC., *formerly doing business as* LIQUIDATION CHANNEL, *doing business as* SHOP LC, and
VAIBHAV GLOBAL LIMITED,

    Defendants.
_____/

**ORDER DENYING MOTIONS TO DISMISS**

**THIS CAUSE** comes before the Court on Defendant Shop LC's Motion to Dismiss Counts II and IV of the Complaint [DE 24] and upon Defendant Vaibhav Global Limited's Motion to Dismiss Counts I, III, and VI of the Complaint [DE 43]. The Court has carefully considered the Motions to Dismiss, Plaintiff's Responses thereto, Defendants' Replies, and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motions to Dismiss are denied.

**I.     FACTUAL BACKGROUND**[1]

Plaintiff Ocean Communications, Inc. ("Ocean") acquires blocks of media time and distributes home shopping programming. DE 1 ¶ 1. Defendant Vaibhav Global Limited ("Vaibhav") is a manufacturer, wholesaler, and retailer of jewelry and accessories sold by Defendant Shop LC. *Id.* ¶¶ 1, 3.

---

[1] The Court accepts as true the factual allegations in the Complaint for the purpose of ruling on the Motions to Dismiss. *See West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017) ("When considering a motion to dismiss, we accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." (quotation marks omitted)).

In 2010, Ocean contracted with Shop LC to distribute programming. *Id.* ¶¶ 1, 9. An executive of Ocean ("the Executive") resigned her position with Ocean in 2014. *Id.* ¶ 11. The Executive was subject to restrictive covenants, including that the information she received from Ocean was proprietary and could only be used to solicit accounts for Ocean and that she was prohibited from competing with Ocean for 24 months following the termination of her employment. *Id.* ¶¶ 1, 12, 13. The Executive breached her restrictive covenants by disclosing to Shop LC and Vaibhav confidential information in the form of the prices at which Ocean was acquiring blocks of media time. *Id.* ¶ 1. Shop LC and Vaibhav, knowing that the Executive was subject to restrictive covenants, induced her to breach those covenants by paying her "vast sums of money" to disclose the pricing information. *Id.* ¶¶ 1, 7, 8, 16, 21. Shop LC and Vaibhav then used the pricing information to renegotiate distribution deals with Ocean, costing Ocean millions of dollars. *Id.* ¶¶ 1, 8.

Ocean previously initiated litigation against the Executive. *Id.* ¶ 18. Ocean now sues Shop LC and Vaibhav for violation of the Uniform Trade Secrets Act (Counts I and II), commercial bribery (Counts III and IV), and tortious interference with contract (Counts V and VI).

## II.   LEGAL STANDARD

A court may grant a party's motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual

2

enhancement. *Id.* When ruling on a motion to dismiss, a court accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor. *West*, 869 F.3d at 1296.

### III. ANALYSIS

#### A. Violation of the Uniform Trade Secrets Act

Shop LC and Vaibhav move to dismiss Counts I and II for violation of the Uniform Trade Secrets Act as barred by the statute of limitations. They point to Ocean's acknowledgment in the Complaint that it knew by no later than December 2015 that the Executive had disclosed pricing information to them, in violation of her restrictive covenants. *See* DE 1 ¶ 21. Thus, they argue that Ocean, by waiting until November 2019 to file this lawsuit, failed to file suit within the three-year statute of limitations that applies to Counts I and II.

Florida's Uniform Trade Secrets Act defines "misappropriation" to include "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means." Fla. Stat. § 688.002(2)(a). "'Improper means' includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." *Id.* § 688.002(1).

"An action for misappropriation must be brought within 3 years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." *Id.* § 688.007. "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quotation marks omitted).

Ocean alleges that the "improper means" that Shop LC and Vaibhav used to acquire confidential information from the Executive was "inducement of a breach of a duty to maintain secrecy." *See* Fla. Stat. § 688.002(1), (2)(a). That is, Ocean maintains that Shop LC and Vaibhav induced the Executive to breach her restrictive covenants and to disclose pricing information by

3

paying her "vast sums of money." *See* DE 1 ¶¶ 1, 8. The Complaint does not reveal when Ocean discovered or by the exercise of reasonable diligence should have discovered the payments. In fact, Ocean alleges that, during discovery in its lawsuit against the Executive, it sought the production of any documents evidencing payments to the Executive, and Shop LC intentionally withheld such documents.[2] *Id.* ¶¶ 22-26. It is not apparent from the face of the Complaint that Ocean discovered or by the exercise of reasonable diligence should have discovered the alleged misappropriation more than three years prior to filing this lawsuit. Therefore, the Court cannot conclude at this stage of the litigation that the statute of limitations bars Counts I and II. Shop LC and Vaibhav's Motions to Dismiss Counts I and II are denied.

**B.     Commercial Bribery**

Ocean brings Counts III and IV for commercial bribery under Fla. Stat. § 838.16. Shop LC and Vaibhav maintain that § 838.16 is invalid and that Counts III and IV therefore must be dismissed.

"A person commits the crime of commercial bribery if, knowing that another is subject to a duty described in [Fla. Stat. §] 838.15(1) and with intent to influence the other person to violate that duty, the person confers, offers to confer, or agrees to confer a benefit on the other." Fla. Stat. § 838.16(1).[3] Section 838.15(1) states that a "person commits the crime of commercial bribe receiving if the person solicits, accepts, or agrees to accept a benefit with intent to violate a

---

[2] To the extent that Shop LC and Vaibhav contend that Ocean could have sued them for misappropriation earlier based simply on Ocean's knowledge that the Executive had provided confidential information to them, they point to no caselaw indicating that a party may be held liable for misappropriation for acquiring confidential information without itself using improper means to acquire the information.

[3] Ocean relies on Fla. Stat. §§ 772.103(2), .104(1) to enable it to bring a civil action under § 838.16(1). *See* Fla. Stat. § 772.103(2) (stating that it is unlawful for any person, "[t]hrough a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property"); *id.* § 772.104(1) (providing for a civil cause of action by any person injured by a violation of § 772.103). Shop LC and Vaibhav do not challenge Ocean's ability to bring a civil action for commercial bribery.

statutory or common-law duty to which that person is subject as" and goes on to list several types of relationships, including "[a]n agent or employee of another." *Id.* § 838.15(1).

The Florida Supreme Court has held that § 838.15 is invalid because it is unconstitutionally vague and subject to arbitrary application. *Roque v. State*, 664 So. 2d 928, 929-30 (Fla. 1995). The court reasoned in *Roque* that few Florida employees are aware of the common-law duties that they owe to their employers, "substantial legal research would be required by many employees" to ascertain their common-law duties, and people could reasonably disagree about what the common law requires. *Id.* at 929. The court further reasoned that the statute has an "indiscriminate sweep" because it "proscribes every violation of an employee's statutory or common law duty, no matter how trivial or obscure, whether it results in harm or not," leading to nearly boundless prosecutorial discretion and the potential for misuse of the judicial process. *Id.* at 929-30.

Shop LC and Vaibhav maintain that § 838.16 is invalid because it relies on the invalidated § 838.15 to define the duties that can give rise to the crime of commercial bribery. Shop LC and Vaibhav point to, and the Court has discovered, no caselaw holding that § 838.16 is invalid or even indicating that § 838.16 may be invalid based on *Roque* or for any other reason. Thus, the Court cannot conclude that Counts III and IV fail to state plausible claims for commercial bribery. Shop LC and Vaibhav's Motions to Dismiss Counts III and IV are denied.

Neither Shop LC nor Vaibhav has brought a claim to have § 838.16 declared unconstitutional. Neither Shop LC nor Vaibhav has shown compliance with the procedures to challenge the constitutionality of a Florida statute. *See* Local Rule 24.1(b) for the Southern District of Florida (citing Fla. Stat. § 86.091). This challenge is not being raised at the correct procedural posture for the Court to be called upon to invalidate a Florida statute.

### C.     Tortious Interference with Contract

Vaibhav moves to dismiss the claim of tortious interference with contract in Count VI for lack of personal jurisdiction.  Vaibhav does not move to dismiss any other Count for lack of personal jurisdiction, instead relying on the arguments addressed above as the bases for dismissal of Counts I and III.  Shop LC has not moved to dismiss the tortious-interference claim against it in Count V.

"A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999).  If a defendant challenges jurisdiction by filing affidavits in support of his position, the plaintiff then bears the burden of proving by affidavit the basis for jurisdiction.  *Id.*  Vaibhav has provided no affidavit to support its jurisdictional challenge, and therefore the Court's analysis is necessarily limited to the allegations in the Complaint.

A court has personal jurisdiction over a nonresident defendant if that defendant is subject to jurisdiction under Florida's long-arm statute and if there are sufficient minimum contacts between the defendant and the state to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.  *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).  Florida's long-arm statute subjects a nonresident defendant to jurisdiction if the defendant commits a tortious act within the state.  Fla. Stat. § 48.193(1)(a)(2).

This long-arm statute "permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008); *see also Posner*, 178 F.3d at 1217 (stating that, absent a contrary Florida Supreme Court decision, Eleventh Circuit precedent holds that a nonresident defendant's tortious acts outside of Florida that cause injury in the state subject the defendant to jurisdiction in

6

Florida); *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1206 n.6 (Fla. 2010) (declining to resolve whether an injury in Florida alone is sufficient to subject a defendant to Florida jurisdiction for a tort claim). The elements of a claim of tortious interference with contract are: (1) the existence of a contract between the plaintiff and a third party, (2) the defendant's knowledge of the contract, (3) the defendant's intentional and unjustified interference with the contract, and (4) damage to the plaintiff. *Seminole Tribe of Fla. v. Times Publ'g Co.*, 780 So. 2d 310, 315 (Fla. 4th Dist. Ct. App. 2001).

Ocean alleges that Vaibhav interfered with a contract between two Florida residents—Ocean and the Executive. DE 1 ¶¶ 1, 2, 8. Vaibhav's managing director met with the Executive to obtain pricing information and directed Shop LC's executives how to obtain the information. *Id.* ¶¶ 7, 21. Vaibhav paid the Executive for the information. *Id.* ¶ 7. Vaibhav then used the information to renegotiate distribution deals with Ocean, causing Ocean damage in Florida. *Id.* ¶¶ 1, 7, 8. Those negotiations were conducted by communicating with Ocean's executives located in Florida. *Id.* ¶¶ 7, 8. These allegations, and particularly the allegation that Vaibhav's actions caused Ocean damage in Florida, make a prima facie case of jurisdiction under Florida's long-arm statute. *See Licciardello*, 544 F.3d at 1284.

Vaibhav asserts in a single, conclusory sentence that it also lacks sufficient minimum contacts with Florida to satisfy the Due Process Clause of the Fourteenth Amendment, but Vaibhav fails to provide any constitutional analysis or cite to any authority to support that argument. *See* DE 43 at 14. Therefore, any argument about a lack of minimum contacts has been waived. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (stating that perfunctory and undeveloped arguments made without citation to legal authority are waived). Even if the argument were not waived, the Court would conclude, based on the allegations recited above concerning Vaibhav's actions, that Ocean has made a prima facie case of sufficient minimum

7

contacts. *See Sculptchair*, 94 F.3d at 631 (stating that sufficient minimum contacts are established when the defendant's contacts with the state are related to the cause of action, involve some purposeful availment of the privilege of conducting activities within the state, and are such that the defendant should reasonably anticipate being haled into court there); *see also Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1358 (11th Cir. 2000) (stating that minimum contacts are established when a defendant engages in intentional and tortuous conduct and knowingly causes injury to a party in the state). Consequently, Vaibhav's Motion to Dismiss Count VI is denied.

## VI.   CONCLUSION

In sum, the Court concludes that none of Defendants' arguments provide a basis for the dismissal of any of the Counts in the Complaint. For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant Shop LC's Motion to Dismiss Counts II and IV of the Complaint [DE 24] is **DENIED**. Defendant Vaibhav Global Limited's Motion to Dismiss Counts I, III, and VI of the Complaint [DE 43] is **DENIED**. Defendants shall file Answers to the Complaint by **May 7, 2020**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 28th of April, 2020.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE